# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BATON ROUGE VENTURES, LLC,**                          CIVIL ACTION NO.
**ET AL.**

**VERSUS**                                              20-628-JWD-EWD

**CEDAR GROVE CAPITAL, LLC**

## NOTICE AND ORDER

On September 21, 2020, Baton Rouge Ventures, L.L.C. and Charal Baton Rouge Ventures, L.L.C. ("Plaintiffs") filed their Complaint for Declaratory Judgment ("Complaint") against Cedar Grove Capital, LLC  ("Defendant") in this Court, alleging that Defendant breached its Purchase Agreement with Plaintiffs and asserting claims for damages. Plaintiffs assert that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]  With respect to the amount in controversy, the Complaint specifically alleges that Defendant owes Plaintiffs more than $75,000 under the terms of the Purchase Agreement, and Plaintiffs also specifically plead that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2]   Therefore, the amount in controversy is met.  However, citizenship has not been adequately alleged with respect to the parties.  Paragraphs 1-3 of the Complaint provide, in pertinent part, as follows:

1. Plaintiff, Baton Rouge Ventures, L.L.C. ("Baton Rouge Ventures") is a limited liability company organized under the laws of Florida with its principle place of business in St. Augustine, Florida…All members of Baton Rouge Ventures are citizens of Florida.

2. Plaintiff Charal Baton Rouge Ventures, L.L.C. ("Charal") is a limited liability company organized under the laws of Delaware with its principle place of business in Stillwater, Minnesota…All members of Charal are citizens of Florida.

---

[1] R. Doc. 1, ¶ 4.
[2] R. Doc. 1, ¶¶ 4, 14, 32-33 and prayer for damages, wherein Plaintiffs seek disbursement of Defendant's escrowed deposit of $300,000 as stipulated damages as well as contractual attorney's fees and costs.

3. Upon information and belief, Cedar Grove Capital L.LC is a limited liability company organized under the laws of Delaware with its principle place of business in New York, whose members are individual citizens of New York, alternatively none of the members are citizens of Florida….[3]

For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[4]  Allegations that members of limited liability companies are "citizens of Florida" and "citizens of New York" are insufficient.  The members must be specifically identified.[5]  Negative allegations of citizenship, *i.e*., "none of the members are citizens of Florida" are also insufficient, as citizenship must be affirmatively alleged.[6]  Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of

---

[3] R. Doc. 1, ¶¶ 1-3.

[4] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[5] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), *report and recommendation adopted,* No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("Without setting forth each member of USAL Holdings, LLC distinctly, and alleging the citizenship of such member in accordance with the rules applicable to that particular member, the court is unable to determine whether federal subject matter jurisdiction exists. Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary. *See*, *Cavender Enterprise Leasing Family, LLC v. First States Investors 4200 LLC*, 2011 WL 3664563, at **1 & 3 (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, No. 15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, No. 14-2552, 2015 WL 2212344, at *3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company."). *See also Gabler v. HA Housing, LP*, No. 12-02671, 2012 WL 4856734, at 2 (D. Colo. Oct. 12, 2012) ("By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity."). *See also Advocate Fin., L.L.C. v. Maher,* No. 10-24, 2010 WL 2522636, at *2 (M.D. La. June 15, 2010) (Plaintiff must identify each member of the defendant law firm limited liability company and allege their individual citizenships, *citing Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008)).

[6] *Truxillo v. American Zurich Ins. Co*., 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016) (*citing Constance v. Austral Oil Explorations Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013)).  "When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged."  *Mullins v. Testamerica, Inc*., 300 Fed. Appx. 259, 259 (5th Cir. 2008) (*quoting Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.[7]

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[8]

Accordingly,

**IT IS ORDERED** that, on or before **October 29, 2020,** Plaintiffs Baton Rouge Ventures, L.L.C. and Charal Baton Rouge Ventures, L.L.C. shall file a motion to substitute their Complaint[9] with a proposed pleading that is a comprehensive amended Complaint (*i.e.*, includes all of Plaintiffs' numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case, and which will become the operative Complaint in this matter without reference to any other document in the record.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on October 19, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[8] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[9] R. Doc. 1.