UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE VENTURES, LLC,
ET AL

VERSUS

CEDAR GROVE CAPITAL, LLC

CIVIL ACTION

NO. 20-628-JWD-EWD

### RULING AND ORDER

This matter comes before the Court on the *Amended and Restated Motion to Strike Defendant's Affirmative Defenses* (Doc. 11) filed by Plaintiffs Baton Rouge Ventures, LLC, and Charal Baton Rouge Ventures, LLC (collectively, "Plaintiffs"). Defendant Cedar Grove Capital, LLC ("Defendant" or "Cedar Grove") opposes the motion. (Doc. 17.) Plaintiffs have filed a reply. (Doc. 18.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiffs' motion is granted in part and denied in part.

I.   **Relevant Factual Background**

This suit arises out of a sale of immovable property. On February 19, 2020, Plaintiffs entered into a Purchase Agreement with Defendant for four parcels of immovable property (the "Property"). (Doc. 1 at 3-4; Doc. 4 at 8-9.) The Purchase Agreement set forth terms and conditions whereby Defendant agreed to purchase the Property after a 45-day due diligence period. (*Id*.)

The Purchase Agreement obligated Defendant to deposit $300,000 with an escrow agent within 5 business days of entering into the agreement, which Defendant did. (Doc. 1-1 at 2; Doc. 1 at 4.) Section 3 of the Purchase Agreement added that $100,000 of the deposit was "immediately non-refundable." (*Id*.) Section 4 of the Purchase Agreement provided a due diligence period in which Defendant could review records and other documents, and "in the event that the Due

Diligence Materials are not timely delivered [from the seller to the buyer] within time period set forth in Section 9(a) below, then the Due Diligence Period shall be extended by the duration of such delay." (Doc. 1-1 at 3.) Defendant was also granted "reasonable access to and the right to inspect the Property" as provided under Section 6 of the Purchase Agreement. (*Id*.) And under Section 13, Defendant could terminate the Purchase Agreement without forfeiting its deposit if Plaintiffs did not comply with any part of the agreement. (*Id*. at 10.)

Plaintiffs claim that Defendant conducted inspections and site visits of the Property without limitation. (Doc. 1 at 4.) Plaintiffs also claim that Defendant failed to terminate the Purchase Agreement before the due diligence period expired. (*Id*. at 5.) After repeatedly requesting that Defendant complete its obligations under the Purchase Agreement, Plaintiffs filed this action seeking declaratory relief on September 12, 2020. (Doc. 1.)

In its *Answer, Affirmative Defenses, and Counterclaim* ("Answer"), Defendant raises multiple affirmative defenses, five of which Plaintiffs now move to strike. These include the following:

> 1. Cedar Grove gives notice to the Plaintiffs that it intends to rely upon such defenses that may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert any such defenses as discovery progresses.
>
> 2. Plaintiffs' action is barred, in whole or in part, by their own negligence, intentional acts, the doctrine of unclean hands, and errors.
>
> 3. Plaintiffs have failed to mitigate their damages, and have in fact exacerbated their damages by their own decisions.
>
> 4. The damages alleged in Plaintiffs' Complaint were not proximately caused by any act or omission by Cedar Grove or were the [sic] caused by third parties for whom Cedar Grove is not responsible.
>
> 5. The acts alleged in Plaintiffs' Complaint were caused or exacerbated by intervening causes.

(Doc. 4 at 6; Doc. 11-1 at 18-28.)

The question before the Court now is whether these affirmative defenses can and should be stricken at the pleading stage of litigation.

## II.     Parties' Arguments

### A. Plaintiffs' Original Memorandum (Doc. 11-1)

Generally, Plaintiffs attack each of the above listed defenses as immaterial, inapplicable, and prejudicial. Plaintiffs first argue that Defendant's reservation of right defense is not actually an affirmative defense. (Doc. 11-1 at 19.) Plaintiffs characterize this defense as "a boilerplate blanket assertion with absolutely no allegation of facts upon which Plaintiffs might have fair notice of defenses against them." (*Id*.)

Plaintiffs then move to strike Defendant's unclean hands defense on two grounds. First, Defendant's general assertion that Plaintiffs' action is barred by "the doctrine of unclean hands" does not meet the heightened pleading standard set out in Rule 9(b). (*Id*. at 20-21.) Second, because this is a breach of contract suit, Plaintiffs' claims are governed by the Louisiana Civil Code—not equitable concepts such as the doctrine of unclean hands. Third, Plaintiffs argue that because the doctrine of unclean hands is an equitable doctrine, it cannot apply when there is already a rule emanating from legislation or custom. (*Id*. at 21 (citing La. Civ. Code art. 4; art. 1756, *et seq*.).)

As to "errors," Plaintiffs argue that "this boilerplate affirmative defense [contains] no allegations of fact as to any error of cause, upon which [Defendant's] defense is based." (*Id*. at 22-24.) As such, this "bare bones conclusory allegation totally fails to allege the necessary minimum factual particularity to comply with Rule 9(b) and to provide 'fair notice.' It is therefore insufficient." (*Id*. at 23.)

3

Plaintiffs then contend that Defendant's defense of failure to mitigate damages should be stricken because it simply states a legal theory without any allegations showing how the failure to mitigate damages is connected to Plaintiffs. (*Id*. at 24-25.) Also, this defense is inapplicable here as Plaintiffs have no legal duty to "mitigate their damages due to the Purchase Agreement limiting their damages to the stipulated damages of the deposit." (*Id*. at 25-26.)

Plaintiffs attack Defendant's third-party fault defense as inapplicable to the case at bar because comparative fault does not apply in contract cases. (*Id*. at 26-27.) Likewise, Defendant's intervening cause defense fails for the same reason. (*Id*. at 27-28 (citing *Arisma Group v. Trout & Zimmer*, No. 08-1268, 2009 U.S. Dist. LEXIS 88509 (N.D. Tex. Sept. 25, 2009) (in dispute over sale of internet domain name, affirmative defense of intervening cause was not applicable to plaintiff's cause of action because was it not a negligence claim)).)

Additionally, if each affirmative defense is not stricken, they will cause prejudice to Plaintiffs by needlessly increasing the duration and expense of litigation. (Doc. 11-1 at 22, 24, 26, 27, 28 (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999)).)

### B. Defendant's Opposition (Doc. 17)

In opposition, Defendant argues that its unclean hands, errors, and failure to mitigate damages defenses are sufficiently plead when considered in connection with the factual allegations in the Counterclaim. (Doc. 17 at 3-4.)

As to its third-party fault defense, Defendant contends that, regardless of the applicability of comparative fault in this case, it "intends to show that it was not able to complete the purchase for which Plaintiffs have brought their declaratory judgment . . . . because it and its agents were deprived of inspections of the Property and access to Plaintiffs' financial records by a third party."

4

(*Id*. at 4.) Further, as to its intervening causes defense, Defendant "intends to show that the third party responsible for prohibiting its access to the Property for inspections may have done so due to the COVID-19 pandemic and the effects that caused[.]" (*Id*. at 4-5.)

Additionally, Defendant concedes that its "reservation of right" defense was not properly asserted and agrees to strike same. (*Id*. at 2.) Alternatively, if the Court grants Plaintiffs' Motion, Defendant requests leave to amend its affirmative defenses. (*Id*. at 5.)

### C.  Plaintiffs' Reply (Doc. 18)

In response, Plaintiffs maintain that as pled, Defendant's affirmative defenses do not provide them fair notice. Plaintiffs then point out that:

> Cedar Grove has failed to cite to any legal authority suggesting that the Affirmative Defenses, as alleged, are sufficient as a matter of law. Cedar Grove's Opposition fails to provide any legal analysis to show why, under Louisiana law, the alleged Affirmative Defenses of unclean hands, failure to mitigate damages, third-party fault, and intervening causes are even applicable as affirmative defenses to the plaintiff's claims.

(Doc. 18 at 3.)

As such, Plaintiffs urge this Court to strike the five affirmative defenses at issue from Defendant's answer. (*Id*. at 8.)

### III.   Discussion

#### A.  Applicable Law

A party seeking to strike an affirmative defense has a high burden. The mover must prove both that "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy *and* may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2021) (emphasis added).

To succeed, the mover must show that the "presence [of the challenged allegations] in the pleading throughout the proceeding will be prejudicial[.]" 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2021). "A motion to strike defenses should not be granted unless the moving party demonstrates that denial of the motion would be prejudicial to the moving party." *Alba-Cruz v. Ard*, No. 17-62, 2017 WL 2362010, at *2 (M.D. La. May 31, 2017). Prejudice is a discretionary determination and one that this Court has held to a high standard. *See K&F Restaurant Holdings, Ltd. v. Rouse*, No. 16-293, 2018 WL 3345294 (M.D. La. July 9, 2018) (deGravelles, J.) (finding that the plaintiffs' allegations that the defendants bribed the plaintiffs' employee and stole their secret recipes, which were disseminated through newspaper articles, were not prejudicial); *Randall v. Bay Ins. Risk Retention Group, Inc.*, No. 20-430, 2021 WL 674017, at *3 (M.D. La. Feb. 22, 2021) (deGravelles, J.) (finding that "vague and conclusory statements with no showing of how and what degree [moving party] will be prejudiced by the inclusion of these allegations," are insufficient without more to show prejudice); *Alba-Cruz*, 2017 WL 2362010 (finding that the plaintiff failed to prove how keeping some affirmative defenses while keeping other, similar affirmative defenses would require him to engage in discovery of meritless claims) (relying on *Bledsoe v. City of Shreveport*, No. 15-2484, 2016 WL 8710974, at *3 (W.D. La. June 24, 2016) (finding that when affirmative defenses are relevant, "unnecessarily expand[ing] the scope of discovery" is not a sufficient ground to show significant prejudice)). "Thus, it is not surprising that a motion to strike frequently has been denied when the court believes that no prejudice could result from the challenged allegations, even though the offending matter literally is within one or more of the categories set forth in Rule 12(f)." Wright & Miller, *supra* § 1382.

"[B]ecause striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harrassing [sic] tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." Wright & Miller, *supra* § 1380. In sum, "[s]triking a pleading is generally disfavored, and it is a drastic remedy to be resorted to only when required for the purposes of justice[.]" *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020) (citations and quotations omitted). This standard imposes a "heavy burden," *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017), and a "high bar," *Global ADR, Inc. v. City of Hammond*, No. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003).

### B. Analysis

Having carefully considered the matter, the Court will deny Plaintiffs' motion to strike in part. In short, Plaintiffs failed to show that the "presence [of the challenged allegations] in the pleading throughout the proceeding will be prejudicial." *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). Plaintiffs offer nothing but vague and conclusory statements with no showing of how and to what degree they will be prejudiced by the inclusion of these allegations. (*See e.g.*, Doc. 11-1 at 22, 24, 26, 27, 28 (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999)).) Without more, Plaintiffs' motion fails. *Randall*, 2021 WL 674017, at *3; Wright & Miller, *supra*, at § 1382.

However, the Court grants Plaintiffs' motion as to Defendant's first affirmative defense of reservation of right. Defendant agrees that this defense was improperly raised (Doc. 17 at 2) and so does the Court.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that on the *Amended and Restated Motion to Strike Defendant's Affirmative Defenses* (Doc. 11) filed by Plaintiffs Baton Rouge Ventures, LLC and Charal Baton Rouge Ventures, LLC is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' motion is **GRANTED** regarding Defendant's first affirmative defense. For all other affirmative defenses, Plaintiffs' motion is **DENIED** for failure to show prejudice.

Signed in Baton Rouge, Louisiana, on September 10, 2021.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**